# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF

v.　　　　　　　　　　　Case No. 4:13-cr-00104 KGB

BRANDON LAMONT SANDERS　　　　　　　　　　　　　　　　　　　　　DEFENDANT

## ORDER

Defendant Brandon Lamont Sanders is charged in a one-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Dkt. No. 2). Before the Court is Mr. Sanders's motion to dismiss indictment (Dkt. No. 20). The government has responded (Dkt. No. 21). Mr. Sanders's motion is denied.

Mr. Sanders moves to dismiss the indictment on the grounds that the sole evidence of an interstate nexus under § 922(g) will be that the firearm was manufactured outside the State of Arkansas. Mr. Sanders argues that § 922(g) is unconstitutional because it does not regulate an activity that substantially affects interstate commerce. Mr. Sanders in his motion concedes that the Eighth Circuit has upheld the constitutionality of § 922(g) where jurisdiction is predicated on nothing more than the weapon having crossed state lines at some time since its manufacture (Dkt. No. 20, at 1 n.1). Nonetheless, he argues that such a "minimal nexus" is no longer sufficient after the Supreme Court's decisions in *United States v. Lopez*, 514 U.S. 549 (1995), *United States v. Morrison*, 529 U.S. 598 (2000), and *Jones v. United States*, 529 U.S. 848 (2000). The Court disagrees. Not only has the Eighth Circuit repeatedly upheld the constitutionality of § 922(g) under the Commerce Clause, but it has done so while rejecting similar challenges based on the cases Mr. Sanders cites. *See, e.g.*, *United States v. Stuckey*, 255 F.3d 528, 530 (8th Cir. 2001) ("We agree with those circuits that have specifically rejected the notion that *Morrison*

calls into question the constitutionality of § 922(g)(1)."); *United States v. Shepherd*, 284 F.3d 965, 969 (8th Cir. 2002) (stating that the Supreme Court's decision in *Morrison* does not call into question the Eighth Circuit's prior holdings that the requirement that a gun must have been in interstate commerce at some point is sufficient to show a proper nexus under the Commerce Clause); *United States v. Schmidt*, 571 F.3d 743, 746 (8th Cir. 2009) (rejecting challenge based on *Lopez* and stating, "This court has repeatedly held § 922(g)(1), the statute under which Schmidt was convicted, is expressly tied to interstate commerce."); *see also United States v. Eason*, No. 4:12-cr-00318-SWW (E.D. Ark. Feb. 13, 2014) (denying a similar motion to dismiss an indictment on § 922(g)(1)).

Accordingly, Mr. Sanders's motion to dismiss indictment is denied (Dkt. No. 20).

SO ORDERED this the 28th day of February, 2014.

_____
Kristine G. Baker
United States District Judge